*1227 OPINION.
Trammell :
Briefly stated, the facts upon which the issue here presented is raised are that petitioner for the year 1920 and for many years prior thereto was engaged in the life insurance business in Germany, Austria and elsewhere. Its risks under policies written in these two foreign countries were expressed in and payable in the currency of the respective country and its policy reserves on such business, required by the laws of each country, were maintained in their respective currencies and invested in such countries.
For many years prior to 1920 the rate of exchange on German marks and Austrian kronen varied but slightly. Petitioner had consistently, during those years in making its report to the Superintendent of Insurance of New York State, converted its German and Austrian reserves, including the additions thereto for the current year required by the laws of these countries, at the standard rate of exchange to state them in American currency for purposes of combining them with similar totals in respect to their other than German and Austrian business.
After the close of the World War the exchange values of the German mark and the Austrian krone depreciated largely and shortly after the close of the calendar year 1920 petitioner proposed to the Superintendent of Insurance of New York that in making its annual report for that year it convert the change in these two foreign reserves for the purposes of the report on the basis of 5 cents for the German mark and 2 cents for the Austrian krone. This proposal was agreed to on condition that petitioner should also report its German and Austrian assets, representing the investments of its reserves in those countries, converted at the same rate in order that the public and its policyholders might be fully advised. This was done, the regular or “ Convention Edition ” form of report being amended to interline a reduction in asset value by such conversion equivalent to $37,502,693.44.
The Revenue Act of 1918 provides in section 234 (a) (10):
Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions ⅜ * *.
[[Image here]]
*1228 (10) In the case of insurance companies, in addition to tlie above: (a) Tbe net addition required by law to be made witbin tbe taxable year to reserve funds * * *.
It is admitted that petitioner for the calendar year 1920, on its business other than in Germany and Austria, had an enormous increase of $487,555,451 in new insurance, on the basis of which its existing reserve was required by law to be increased $36,235,398. It is also admitted that in respect to its German business for that year the existing reserve was required by the laws of Germany to be increased by 1,830,253 marks, and in respect to its Austrian business the Austrian law required at the close of such year a reserve of 6,250,887 kronen less than the existing reserve.
Petitioner contends that the net addition to its total reserve funds for that year which it is entitled to deduct in arriving at net taxable income is the combination of those three figures, or $36,235,398, plus 1,830,253 marks, minus 6,250,887 kronen, the two latter amounts to be converted for purposes of combination upon some accepted basis of value for exchange, either the standard rate, the average rate for the year, the rate at the beginning or at the close of the year, or the arbitrary rate proposed by it and accepted by the Superintendent of Insurance of New York State of five cents for the German mark and two cents for the Austrian krone.
Respondent’s contention is, and it is upon this theory that the deficiency herein has been computed, that the figures entered upon the Convention Edition form of report must be accepted literally and that when the assets representing investments of the German and Austrian reserves are expressed in American dollars at the low rate of exchange there is effected a corresponding reduction in these reserves; that instead of combining the changes in the three reserves the net change must be computed by combining the totals of the three reserves as of the beginning and close of the taxable year and the difference between such totals is the net addition or decrease, as the ease may be. Following this theory respondent has taken the total of petitioner’s German and Austrian reserves at the beginning of the year, built up by the additions from year to year and converted at the standard rate of exchange, and such totals at the close of the year converted at the depreciated rate of five cents for the mark and two cents for the krone, the result giving a decrease in these two foreign reserves, on the dollar basis, of more than $35,000,000, this decrease wiping out all except $729,597 of the net addition of $36,-235,398 required by law on account of other business. He contends that this latter sum is the net addition allowable to petitioner as a deduction for the taxable year.
*1229 This theory of respondent treats the net policy reserve of a life insurance company on the participating level premium plan as in the nature of a reserve of assets increasing or diminishing with the rise and fall of the market. It has been overlooked that this reserve is not the assets in which it may happen to be invested, but merely a calculated amount subject to exact mathematical computation. It is the net value of outstanding policies calculated upon a given table of mortality, with interest at a certain adopted rate. The reserve so calculated may be ten millions of dollars or marks or kronen and invested in securities of the same market value. Such securities may in the course of the year lose half of their market value, but this condition does not reduce the reserve in amount. The assets are merely security for the reserve, but the amount of the reserve is determined exactly by the mathematical calculation of the life value of outstanding policies and is increased or decreased only by a change in amounts and/or life expectancies of such policies.
The purpose of the above quoted section of the taxing statute is to permit a taxpayer engaged in the business of petitioner to except from taxable income that portion of its gross receipts from premiums which it receives under obligation created by law to immediately set aside with proper guaranties of maintained value to meet the policies as they mature. It is apparent that respondent’s method of computing the amount of the net addition to petitioner’s reserve for the calendar year 1920 denies it the privilege accorded by the Act, the admitted facts showing that of its total premium receipts some $35,000,000 was required to be set aside for purposes of the reserve and for that year there was released to the general funds of the company, due to decrease in reserve, only the amount of 6,250,887 kronen on its Austrian business, while respondent’s computation allows a deduction for that year on account of addition to reserve of only $729,597.
The fallacy of respondent’s theory in computation is apparent when we consider the result reached. It is admitted that petitioner’s reserve on other than German and Austrian business had a net addition for the taxable year of more than $36,000,000; that its German reserve was required to be increased by nearly 2,000,000 marks and that the only decrease was one of 6,250,887 kronen in its Austrian reserve. A method of computation that determines in the face of these admitted changes (and these are the only changes in the amounts of the three reserves) a net increase in total reserves of only $729,597 is manifestly erroneous.
To value petitioner’s total German and Austrian reserves, computed, invested and maintained in German marks and Austrian *1230 kronen, on the basis of 23.8 cents for the German mark and 20 cents for the Austrian krone as of the beginning of the taxable year, and then to revalue these reserves on the basis of 5 cents for the mark and 2 cents for the krone as of the close of that year, on the basis of a depreciated exchange value of these currencies, is to increase or decrease on the basis of fluctuations of exchange values reserves which are in no sense affected by such changes, but, as heretofore pointed out, are merely mathematically calculated totals arrived at by the use of three factors — total face value of policies, their life expectancies on the basis of a mortality table, and a fixed interest rate, the result being identically the same whether calculated and expressed in marks, kronen or dollars. It is true that the reserve is spoken of as the net value of outstanding policies, but this value is one computed on a fixed and unvarying basis. By the method used by respondent the net increase or decrease in the reserve is determined upon an asset valuation basis, whereas the taxing statute is concerned merely with the net computed increase in amount' — -the added number of dollars, marks or kronen required by law to be set aside, and the only reason that the value of exchange on German marks or Austrian kronen must.be considered at all is the necessity to reduce these increases or decreases in foreign reserves to dollars in order to combine them with the additions or decreases in reserves computed and maintained in dollars for purposes of determining a tax which must be computed in the latter currency. It would need no more to demonstrate the respondent’s error than the noting of the fact that by this method petitioner is shown to have some $85,000,000 additional income by reason of a loss in this amount in market value of its foreign assets as expressed in terms of American currency.
We hold that petitioner is entitled to deduct, as its net addition required by law to be made to its reserve funds in arriving at the net taxable income for the calendar year 1920, $36,235,398, plus 1,830,253 German marks, and minus 6,250,887 Austrian kronen, the two latter amounts to be converted into dollars for the purpose of combination and computation of the tax at the prevailing exchange rates, as of December 31, 1920, of 1.38 cents for the mark and 0.25 cents for the krone. This will give a net addition to reserve fund required by law of $36,245,028.
Keviewed by the Board.

Judgment will he entered under Bule 50.

ARuNdell concurs in the result only.